# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated, | No. CV-17-01274-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| NM Hospitality Roswell LLC, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Partial Judgment on the Pleadings ("Motion") (Doc. 55). Defendants filed a Response (Doc. 56) and Plaintiff filed a Reply (Doc. 57).

## I.    BACKGROUND

Plaintiff filed its Complaint on April 28, 2017, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, open account, stated account, post-termination use of trademarks, state and federal trademark infringement, false designation of origin and unfair competition, and common law trademark infringement against Defendants NM Hospitality Roswell, LLC; Frist Capital Real Estate Investments, LLC; and Ron Cobb, an individual (collectively "Defendants"). (Doc. 1). Shortly thereafter, the parties reached a settlement agreement and requested that the Court stay the matter to allow the parties to finalize the terms of the agreement. (Doc. 19). Accordingly, the Court stayed the case and ordered the parties to file a stipulation to dismiss or status report by September 15, 2017. (Doc. 20).

1    On September 20, 2017, Plaintiff filed a Motion to Enforce Settlement Agreement

2    (Doc. 26), in which Plaintiff argued that the parties entered into a fully enforceable

3    Settlement Agreement on June 26, 2017, and that Defendants failed to timely remit

4    payment under its terms.  (*Id.*)   In their Response to Plaintiff's Motion to Enforce

5    Settlement Agreement, Defendants stated that they "still intend[ed] to perform under the

6    settlement agreement," but were unable to do so by the original deadline of August 31,

7    2017.  (Doc. 27 at 2).  Defendants stated that they would be able to perform under the

8    settlement agreement by October 31, 2017, and would work with Plaintiff to either file a

9    stipulation to dismiss the action or a status report on that day. (Doc. 27 at 2).  Without

10   waiving their rights to enforce the settlement agreement, Plaintiff agreed to the extension

11   and requested the Court hold its Motion to Enforce in abeyance until October 31, 2017.

12   (Doc. 28).  The Court so ordered.  (Doc. 29).  On October 31, 2017, Plaintiff unilaterally

13   filed a Status Report, informing the Court that Defendants had not remitted payment by

14   October 31, 2017.  (Doc. 30).  Accordingly, Plaintiff requested the Court rule on its pending

15   Motion to Enforce the Settlement Agreement.  (*Id.*)   For the reasons articulated in

16   Plaintiff's Motion to Enforce, which were uncontested by Defendants, the Court found that

17   the parties entered into a binding agreement to settle this case.  (Doc. 32).

18   Following the Court's Order, Defendants made a partial payment to Plaintiff.

19   (Docs. 48, 67).  The partial payment was approximately forty-three percent of the total

20   settlement amount.  (Docs. 67, 68).  On August 20, 2018, Plaintiff filed an Amended

21   Complaint, which included a claim for breach of the Settlement Agreement, as well as

22   seven causes of action that were initially plead in Plaintiff's original Complaint. (*Compare*

23   Doc. 48, *with* Doc. 1).[1]  On November 16, 2018, Plaintiff filed the pending Motion for

24   Partial Judgment on the Pleadings with respect to its claim for breach of the Settlement

25   Agreement.  (Doc. 55).  On February 4, 2019, the parties filed a Joint Report, in which the

26   parties represented that Defendants "expect[ed] to complete performance and make

27   reminder of the payment due under the Settlement Agreement by February 15, 2019."

28
---
[1] Plaintiff's original Complaint included claims for open and stated accounts that they abandoned in their Amended Complaint.  (Doc. 1 at 12-13, Doc. 69 at 2 n.1).

(Doc. 58). On February 22, 2019, the parties filed another Joint Status Report, in which they provided that "Defendants still intend to comply with their obligations under the Settlement Agreement, but were unable to make the remainder of the payment due by February 15, 2019. They hope to be able to do so in the near future." (Doc. 60). On March 29, 2019, the parties filed a third Joint Status Report, in which they provide that "Defendants still intend to comply with their obligations under the Settlement Agreement. Defendants anticipate paying 15-20% of the amount outstanding under the Settlement Agreement on or before April 9, 2019, and the remainder outstanding by April 30, 2019." (Doc. 62). On May 6, 2019, the parties filed a fourth Joint Status Report, in which they provide that "Defendants still intend to comply with their obligations under the Settlement Agreement. Defendants anticipate being able to pay the amount outstanding under the Settlement Agreement within 15 business days." (Doc. 64). Plaintiff further provided that "[g]iven [Defendants'] history of failing to perform, however, [Plaintiff] has no confidence that the balance will be paid. [Plaintiff] therefore seeks a ruling on its fully-briefed Motion for Judgment on the Pleadings (Docs. 55, 56, 57)." (Doc. 64 at 2).

On May 7, 2019, the Court ordered the parties to file supplemental briefing to address the effect of the Settlement Agreement on the causes of action plead in the original Complaint and the Amended Complaint.[2] (Doc. 65 at 1). In its supplemental briefing, Plaintiff argued that the "pre-Settlement Agreement claims are still alive because Defendants have not paid [Plaintiff] the full amount owed under the Settlement Agreement, and payment in full was a condition precedent to [Plaintiff's] obligation to release and dismiss its claims." (Doc. 69 at 2). Defendants contend that "payment was not the only consideration for the Settlement Agreement" and that Plaintiff cannot simultaneously pursue breach of the Settlement Agreement and the underlying claims that the Settlement

---

[2] Specifically, the Court identified the following causes of action plead both in the original Complaint and the Amended Complaint: Count I – Breach of Contract, Count II – Breach of the Implied Covenant of Good Faith and Fair Dealing, Count III – Breach of Contract; Post Termination Use of Trademarks, Count IV – Trademark Infringement under Arizona State Law, Count V – Federal Trademark Infringement, Count VI – False Designation of Origin and Unfair Competition, and Count VII – Common Law Trademark Infringement. (Doc. 48).

1  Agreement purportedly extinguished. (Doc. 70).

2  **I.    PARTIAL JUDGMENT ON THE PLEADINGS**

3          Plaintiff has moved for Partial Judgment on the Pleadings with respect to its claim

4  for breach of the Settlement Agreement, which is Count VIII of the Amended Complaint.

5  (Doc. 55 at 2-4).

6          Pursuant to the Federal Rules of Civil Procedure ("Rule") 12(c), any party may

7  move for judgment on the pleadings "after the pleadings are closed but within such time as

8  not to delay the trial." The pleadings are closed once a complaint and an answer have been

9  filed. *See* Fed. R. Civ. P. 7(a); *see also Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir. 2005).

10  A motion for judgment on the pleadings is functionally identical to a motion to dismiss

11  brought under Rule 12(b)(6); the same legal standard applies. *See Cafasso v. General*

12  *Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). However, unlike Rule

13  12(b)(6), a Rule 12(c) motion for judgment on the pleadings may be made by either party.

14  A plaintiff may move for judgment on the pleadings if the answer fails to controvert

15  material facts alleged in the complaint. *Qwest Commc'ns Corp. v. City of Berkeley*, 208

16  F.R.D. 288, 290 (N.D. Cal. 2002). The allegations of the non-moving party must be

17  accepted as true, and are construed in the light most favorable to that party. *See Jones v.*

18  *Town of Quartzsite*, 2014 WL 12617038, at *2 (D. Ariz. Feb. 24, 2014); *see also Lyon v.*

19  *Chase Bank USA, N.A.*, 656 F.3d 877, 882 (9th Cir. 2011). "Uncontested allegations to

20  which the other party had an opportunity to respond are taken as true." *Qwest Commc'ns*

21  *Corp.*, 208 F.R.D. at 290.

22          Judgment on the pleadings is appropriate "when there are no issues of material fact,

23  and the moving party is entitled to judgment as a matter of law." *3550 Stevens Creek*

24  *Assocs. v. Barclays Bank*, 915 F.2d 1355, 1357 (9th Cir. 1990). In considering a motion

25  for judgment on the pleadings, the court reviews the pleadings only. However, a document

26  that is not attached to the complaint may be considered if it is referred to in the complaint

27  and the authenticity of the document is not questioned. *See The Armored Group, LLC v.*

28  *Supreme Corp.*, 2010 WL 2595280, at *2 (D. Ariz. June 24, 2010) (citing *Branch v.*

1    *Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)).

2        In its present Motion, Plaintiff contends that it is entitled to judgment on the

3 pleadings with respect to its claim for breach of the Settlement Agreement because the

4 Court has already found that the Settlement Agreement was valid and enforceable, and

5 Defendants have admitted in their Answer to every fact necessary to establish its liability

6 for breach of the Settlement Agreement. (Doc. 55 at 2-3); *see also Honey v. Distelrath*,

7 195 F.3d 531, 532–33 (9th Cir. 1999). Plaintiff did not attach a copy of the Settlement

8 Agreement as an exhibit to the Amended Complaint; however, the Court will consider the

9 Settlement Agreement (Doc. 68), because Plaintiff refers to the Settlement Agreement in

10 the Amended Complaint, and there is no dispute over the authenticity of the document. *See*

11 *The Armored Group*, 2010 WL 2595280, at \*2. The Court agrees that judgment on

12 Plaintiff's breach of the Settlement Agreement claim is warranted.

13        In the Amended Complaint, Plaintiff alleges that on June 26, 2017, Plaintiff and

14 Defendants entered into an enforceable Settlement Agreement; however, Defendants failed

15 to make the full payment that was required under the Settlement Agreement. (Doc. 48 ¶¶

16 68, 69). Plaintiff further claims that despite numerous demands for payment of the

17 remaining balance under the Settlement Agreement, Defendants have failed to make

18 payment. (*Id.* ¶¶ 74-76). Thus, Plaintiff alleges Defendant's failure to make full payment

19 under the Settlement Agreement is a breach of the Settlement Agreement. (*Id.* ¶¶ 127-32).

20        To prevail on its breach of settlement claim, Plaintiff must allege the existence of a

21 contract between Plaintiff and Defendants, a specific breach of that contract by Defendant,

22 and resulting damage to Plaintiff. *See Coleman v. Watts*, 87 F. Supp. 2d 944, 955 (D. Ariz.

23 1998) (citing *Clark v. Compania Ganadera de Cananea, S.A.*, 387 P.2d 235, 237 (Ariz.

24 1963)). Here, Defendants agree that the Settlement Agreement is a valid contract and

25 concede that they failed to make the full required payment under the terms of the Settlement

26 Agreement. (Doc. 51 ¶¶ 65-76, 127-33). Furthermore, in their Response, Defendants

27 failed to address or otherwise defend against the merits of Plaintiff's Motion and therefore

28

have implicitly conceded to granting it.[3]  (Doc. 56 at 2); *see also Pepper Hamilton L.L.P. v. Intelligent Water Sols., Inc.*, 2008 WL 4080358, at \*1 (D. Ariz. Sept. 2, 2008) (holding that defendant's failure to respond to plaintiff's motion for judgment on the pleadings may be deemed a consent to the granting of the motion and the court may dispose of the motion summarily) (citing LRCiv. 7.2(i))).  In fact, Defendants provide that they "still intend to perform under the Settlement Agreement in the near future when the Defendants' financial situation permits them to render performance." (*Id.* at 2).  Thus, Defendants concede that the Settlement Agreement is valid and that they have not performed as required by the Settlement Agreement.  Furthermore, Defendants do not dispute or otherwise contest that Plaintiffs have been damaged as a result of Defendants' breach. (*Compare* Doc. 55 at 3-4, *with* Doc. 56 at 1-2).  For the reasons articulated in Plaintiff's Motion, which go uncontested by Defendants, the Court finds that Plaintiff is entitled to judgment as to liability on its breach of the Settlement Agreement claim.  While Plaintiff has established that it was damaged as a result of the breach, Plaintiff however has not established the amount of damages.  Thus, the Court will not rule on the amount of damages at this time and provide the parties with an opportunity to submit briefing regarding amount of damages stemming from Defendant's breach of the Settlement Agreement.

## II.    ELECTION-OF-REMEDIES APPLICATION

Next, the Court must address how granting Plaintiff's Motion for Partial Judgment on the Pleadings affects Plaintiff's remaining claims.  Here, Plaintiff argues that it has the right to simultaneously enforce and recover under the Settlement Agreement and secure redress on the underlying claims that the Settlement Agreement purportedly extinguished.[4]

---

[3] In their Response, Defendants fail to address the merits of Plaintiff's claim, instead Defendants state that "Plaintiff's Motion did not contain the required certification" under Local Rule 12.1(c), and therefore the Court should strike Plaintiff's Motion. (Doc. 56 at 1-2). However, in its Reply, Plaintiff admit that it "inadvertently omitted the certificate required by Local Rule 12.1," but provides that Plaintiff did meet and confer with Defendants about the Motion prior to filing it. (Doc. 57 at 2). Local Rule 12.1(c) provides that "[a] motion that does not contain the required certification *may* be stricken summarily." (emphasis added).  As Plaintiff did confer with Defendants prior to filing the Motion and cured their defect by filing required certification with its Reply, the Court will not strike Plaintiff's Motion.

[4] The Settlement Agreement expressly provides that "the [p]arties have reached a

1    The Court disagrees. Instead, the Court finds that this situation raises the election-of-

2    remedies doctrine, the applicability of which depends on whether Plaintiff's conduct—

3    Plaintiff's choice to seek and obtain a judgment on its the breach of Settlement Agreement

4    claim—in this litigation effected a binding election between Plaintiff's choice of remedies.

5          Typically, "if a party enters into a settlement agreement knowingly and voluntarily,

6    the agreement is treated as a binding contract and the party is precluded from raising the

7    underlying claims. However, if one party breaches a settlement, the other has the option

8    of enforcing the terms of the settlement *or* rescinding the settlement and suing on the

9    original claims." *Arnold v. United States*, 816 F.2d 1306, 1309 (9th Cir. 1987) (emphasis

10   added and internal citations omitted); *see also Boulware v. Baldwin*, 545 Fed. Appx. 725,

11   728 (10th Cir. 2013) (holding that execution of the settlement agreement did not foreclose

12   legal action on the underlying claims in the event defendants failed to perform as agreed;

13   rather plaintiff has the option to seek relief on those underlying claims in lieu of enforcing

14   the agreement).

15         The election-of-remedies doctrine, which refers to situations where an individual

16   pursues remedies that are legally or factually inconsistent, operates to prevent a party from

17   obtaining double redress for a single wrong. [5] *See Aritex Land Co. v. Baker*, 482 P.2d 875,

18   883 (Ariz. 1971) ("An election of remedies is the choice of one of two or more co-existing

19   remedial rights where such rights arise out of the same facts."). "For example, a person

20   who has been fraudulently induced to enter into a contract may sue for damages under the

21   contract or may sue to rescind that contract, but cannot do both—one act being an

22   affirmance of the contract, the other being a disavowal of the contract—an inconsistency

23   giving rise to the doctrine of election of remedies." *Hennesy Equip. Sales Co. v. Valley

24   Nat. Bank*, 543 P.2d 123, 124 (Ariz. Ct. App. 1975). The doctrine therefore prevents

25   aggrieved parties from prevailing on logically inconsistent theories of the case, and serves

26   _____
     settlement of the Action and seek to resolve all known and unknown disputes between them
27   that are or could be the subject of the Action[.]" (Doc. 68 at 2).

28   [5] In a diversity case, the doctrine of election of remedies is an element of state substantive
     law which this Court is bound to apply. *See McKinney v. Gannett Co., Inc.*, 817 F.2d 659,
     671 (10th Cir. 1987).

to guard against overcompensation. *Miller v. Ariz. Bank*, 43 P.2d 518, 525 (Ariz. 1935).

A party is bound by its election-of-remedies if two or more inconsistent remedies existed at the time of the election and the party to be bound affirmatively chose, or elected, between the available inconsistent remedies. *See Caruthers v. Underhill*, 326 P.3d 268, 272 (Ariz. Ct. App. 2014) ("The election-of-remedies doctrine requires an election between two or more inconsistent remedies that actually exist at the time of the election."); *see also Latman v. Burdette*, 366 F.3d 774, 782 (9th Cir. 2004) (citing 25 Am. Jur. 2d Election of Remedies § 8). Here, the Court finds that there were two inconsistent remedies—enforcing the settlement agreement or rescinding the settlement agreement and pursuing the underlying claims. *See Caruthers*, 326 P.3d at 273 ("The election-of-remedies doctrine provides that a party . . . [to] a contract must choose to either disavow the contract and seek a return to the *status quo ante*, or affirm the contract and sue for damages for breach."); *see also Boulware v. Baldwin*, 545 Fed. Appx. 725, 728 (10th Cir. 2013) ("Enforcing a settlement agreement to recover damages for its breach is plainly exclusive to voiding or rescinding it to pursue the underlying claims; that is why these two courses are characterized as disjunctive options.").

However, whether an election of remedy occurred here, turns on the distinction between pursuit and attainment of a remedy. Plaintiff contends that it was entitled to pursue alternative claims, which—to an extent—is correct. *See Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1159 (E.D. Cal. 2010) (noting Rule 8(d) permits a plaintiff to plead alternate, hypothetical and inconsistent claims). Under federal law, which governs the timing of election,[6] a plaintiff does not have to elect a single remedy at the outset of suit, but instead a plaintiff can plead alternative and inconsistent claims. However, here, Plaintiff did not just plead alternative claims; Plaintiff sought, and through this Order,

---

[6] The Court notes that "[t]he election of remedies doctrine has two aspects, one procedural and one substantive." *Green v. Altman*, 2004 WL 2106552, at *9 (E.D. Pa. Sept. 21, 2004) (internal citation omitted). The timing of the election between remedies is considered procedural, and therefore is governed by federal law pursuant to the *Erie* Doctrine. *See Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr.*, 594 F.3d 285, 294 n.1 (4th Cir. 2010).

1	obtained judgment on its breach of the Settlement Agreement claim. Thus, at this point,

2	the Court finds that a binding election has occurred, and the underlying claims addressed

3	in the Settlement Agreement have been extinguished. *See Pettennude v. Transnation Title*

4	*Ins. Co*., 2009 WL 10673445, at \*7 (D. Ariz. May 6, 2009) (finding that in order to pursue

5	a claim for damages, plaintiffs necessarily affirmed or ratified the contract, and therefore,

6	an election had occurred); *see also Homeland Training Ctr., LLC*, 594 F.3d at 293 (noting

7	alternative-pleading rule and holding that conclusive election of remedy occurs "where a

8	suit has advanced to judgment"); *Haphey v. Linn Cnty.*, 924 F.2d 1512, 1518 (9th Cir.

9	1991) (same).

10	Plaintiff's claim regarding breach of the Settlement Agreement precludes relief on

11	the underlying settled claims *only* upon a clear election of remedies in favor of the former,

12	which does not happen automatically at the outset of litigation, but instead required a

13	deliberate action by Plaintiff. The Court finds here, that Plaintiff's deliberate choice is

14	reflected in its decision to pursue and obtain a judgment on the breach of the Settlement

15	Agreement. This was Plaintiff's choice to make, and, as with any litigation decision, it is

16	entirely reasonable to expect Plaintiff to accept the attendant risks and benefits of the choice

17	when it is clearly made. For these reasons, the Court finds that Plaintiff's claims, Counts

18	I, II, III, IV, V, VI, and VII of the Amended Complaint are subject to dismissal based on

19	Plaintiff's election to pursue and obtain a judgment for breach of the Settlement

20	Agreement, which resolved those claims.

21	**III.    CONCLUSION**

22	In this Order, the Court has dismissed Counts I, II, III, IV, V, VI, and VII of the

23	Amended Complaint and granted Plaintiff's Motion for Partial Judgment on the Pleadings

24	as to labiality on Count VIII of the Amended Complaint. Thus, there are no remaining

25	claims to be litigated. Accordingly, the only remaining issue in this matter is the amount

26	of damages[7] resulting from the breach of the Settlement Agreement, Count VIII of the

27

28	[7] If Plaintiff intends to seek damages beyond the amount outstanding under the Settlement Agreement and any related interest, then Plaintiff should be prepared to clearly identify the authority that entitles them to such damages.

Amended Complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Partial Judgment on the Pleadings (Doc. 55) is **GRANTED**.

**IT IS FURTHER ORDERED** that Counts I, II, III, IV, V, VI, and VII of the Amended Complaint (Doc. 48) are **DISMISSED**.

**IT IS FINALLY ORDERED** that the parties are to meet and confer and jointly file a proposed briefing schedule regarding the amount of damages resulting from Defendants' breach of the Settlement Agreement on or before July 10, 2019.

Dated this 14th day of June, 2019.

Honorable Diane J. Humetewa
United States District Judge